IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

METROPOLITAN LIFE
INSURANCE COMPANY,

   Plaintiff,

    v.

CARL WIMBUSH, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:14-CV-2518-TWT

**OPINION AND ORDER**

This is an interpleader action. It is before the Court on the Defendants Carl and Calvin Wimbush's Motion for Summary Judgment [Doc. 19]. For the reasons stated below, the Motion for Summary Judgment is GRANTED.

**I. Background**

Silas Wimbush, Jr., purchased a life insurance plan issued by MetLife through his employer, Delta Air Lines.[1] The plan gave the participant the right to name his beneficiaries.[2] On January 4, 2012, Silas Wimbush signed and submitted a beneficiary designation form to MetLife, revoking any previous designations and designating

---

    [1]     Wimbush Defendants' Statement of Material Facts ¶ 1.

    [2]     Id. ¶ 2.

Calvin and Carl Wimbush ("the Wimbush Defendants") as primary beneficiaries under the policy.[3] Silas Wimbush died on November 14, 2013.[4]

Evelyn Dixson-Wimbush is Silas Wimbush's ex-wife.[5] MetLife initially declined to award benefits to Ms. Dixson-Wimbush because she was not a listed beneficiary on the policy.[6] Ms. Dixson-Wimbush appealed that denial of benefits via letter, questioning the validity of the 2012 beneficiary designation form.[7] Although MetLife believed the 2012 beneficiary designation form to be valid, it decided not to attempt to determine the validity of Ms. Dixson-Wimbush's claims.[8] This interpleader action resulted. The Wimbush Defendants now move for summary judgment.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[9] The court should view the

---

[3]   Id. ¶ 3.

[4]   Id. ¶ 4.

[5]   Id. ¶¶ 8-10.

[6]   Id. ¶ 5.

[7]   Id. ¶ 6.

[8]   Id. ¶ 7.

[9]   FED. R. CIV. P. 56(a).

evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[10] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[11] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[12] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[13]

### III. Discussion

Carl and Calvin Wimbush move for summary judgment, arguing that they are entitled to the entirety of the life insurance proceeds at issue. In support of this argument, the Wimbushes have produced a MetLife Beneficiary Designation Form from January 4, 2012, designating them as the beneficiaries of Silas Wimbush's life insurance policy.[14] Evelyn Dixson-Wimbush has offered no evidence to rebut the validity of the beneficiary designation form. The evidence in the record, therefore, is

---

[10] Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[11] Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[12] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[13] Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

[14] Wimbush Defendants' Statement of Material Facts, Ex. C.

that Carl and Calvin Wimbush are the designated beneficiaries of the life insurance policy and are entitled to the proceeds. Their motion for summary judgment should be granted.

## IV. Conclusion

For the reasons stated above, the Wimbush Defendants' Motion for Summary Judgment [Doc. 19] is GRANTED.

SO ORDERED, this 9 day of July, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge